UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-mj-131 |
| | : | |
| **ANDREW ERICSON,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' SECOND UNOPPOSED MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America hereby moves this Court for a 60-day continuance of the above-captioned proceeding, and further to exclude the time within which an indictment must be filed and the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  In support of its motion, the government states as follows:

1. Defendant is charged via complaint with offenses related to crimes that occurred at the United States Capitol on January 6, 2021.

2. Defendant in this case is charged with 18 U.S.C. § 1752(a)(1) and (2) (Unlawful Entry on Restricted Buildings or Grounds) and 40 U.S.C. § 5104(e)(2)(D) and (G) (Violent Entry and Disorderly Conduct on Capitol Grounds).  Defendant livestreamed his presence at the Capitol on Snapchat and posted photographs of himself inside the United States House of Representatives Speaker's Conference Room, H-230.  A witness who identified Defendant from these images reported watching Defendant enter what the witness believed was Nancy Pelosi's office and take what appeared to be a beer out of an office refrigerator.

3. In this case, the government is working to provide initial discovery to defense

counsel. Undersigned government counsel has submitted the request for "fast track" discovery and is awaiting receipt of the production to disclose it to defense counsel.

4. On March 29, 2021, the government filed United States' Unopposed Motion to Continue and to Exclude Time Under the Speedy Trial Act [ECF No. 10]. In that motion, the government laid out support for excluding time in light of the government's large investigation into the events of January 6, 2021 and the voluminous discovery. We respectfully request that the arguments made in that Motion be incorporated herein.

5. Since the filing of that Motion, the government has continued its investigations into the Capitol Attack. As of May 12, 2021, over 400 individual defendants have been charged. The government is continuing to investigate and charge additional subjects. Approximately 1,400 search warrants have been issued. Based on the investigation thus far, the FBI is in possession of over 2,000 digital devices. FBI files in this investigation contain over 75,000 serials and over 93,000 attachments to those serials, totaling over 168,000 documents. More than 237,000 tips came into the FBI alone, a substantial portion of which include photos, videos, and social media. The investigation has collected over 14,000 hours of Capitol CCTV and over 1,800 hours or body worn camera footage.

6. In the effort to collect additional discoverable materials, the United States Attorney's Office has created a Discovery Team that, among other things, has requested discoverable materials from at least 25 agencies (in addition to the FBI).[1] The Discovery Team

---

[1] These include the Architect of the Capitol, Arlington County Police, ATF, DC FEMS, DC Metro Transit, Fairfax County Police, FPS, Maryland State Police, Metro Washington Airport Authority, MPD, Montgomery County Police, NJ State Police, the Senate and House Sergeant at Arms, Pentagon Police, PG County Police, Prince William County Police, Supreme Court Police, US Capitol Police, USMS, US National Guard, US Park Police, US Secret Service, and Virginia State

has met with representatives of these agencies and has begun to assemble and organize materials that have been produced in response to our requests.

7. Based on requests the Discovery Team became aware of in the first full week of May, the government has asked USCP and MPD to prioritize producing materials regarding any allegations of officer misconduct arising out of the events of January 6, 2021. The government will obtain and review these materials for any information that is discoverable.

8. The government will be hiring a vendor in the near future to assist with technical discovery processing and establish a database for the tracking, production, and review of discovery materials. In the meantime, the government has begun processing discovery materials to make them database-ready. The government will also be rolling out a procedure for returning extractions and recordings to defense counsel. The U.S. Attorney's Office meets and confers regularly with the Federal Public Defender and Department of Justice experts to ensure that we are developing and utilizing reasonable and defensible protocols for the review of voluminous categories of information. Finally, the government is engaging in meetings with representatives from Axon, the company that manages Evidence.com, regarding our request for the development of a solution that will allow the defense to view the total amount of body worn camera footage from the riot.

9. Accordingly, the ends of justice served by continuing the instant case and excluding the time under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial for the reasons stated in our initial motion. A failure to grant a continuance would deny the government the reasonable time necessary for effective preparation, taking into account

---

Police.

the exercise of due diligence. In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).

10. Counsel for the defendant consents to this motion.

WHEREFORE, the government respectfully requests that this Court grant the motion for a 60-day continuance of the above-captioned proceeding, and that the Court exclude the time within which an indictment must be filed and the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

    Respectfully submitted,

    CHANNING D. PHILLIPS
    Acting United States Attorney
    DC Bar No. 415793

By:    /s/ *Christine M. Macey*
    CHRISTINE M. MACEY
    Assistant United States Attorney
    Bar No. 1010730
    555 Fourth Street, N.W., Room 5243
    Washington, DC 20530
    Christine.Macey@usdoj.gov
    (202) 252-7058